# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFERY SHAW,

        Petitioner,               Case Number: 2:02-CV-70870

v.                                            HONORABLE ARTHUR J. TARNOW

SHERRI BURT,

        Respondent.
_____/

## OPINION AND ORDER GRANTING EVIDENTIARY HEARING, APPOINTING COUNSEL, AND DEFERRING RULING ON MOTION FOR BOND

      Petitioner Jeffery Shaw is a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, pursuant to three counts of assault with intent to do great bodily harm less than murder and three counts of felony firearm. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Among other claims, Petitioner claims that his trial attorney was ineffective because prior to being retained by Petitioner he had been employed as an assistant prosecutor directly involved in Petitioner's case and that his appellate attorney was ineffective in failing to raise certain issues on appeal. The Court has reviewed the petition, response, and state court record and determines that Petitioner is entitled to an evidentiary hearing on these claims.

I.

On habeas review, a federal court must presume that all determinations of factual issues made by the state court are correct. 28 U.S.C. § 2254(c)(1). A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. In addition, the federal court may conduct an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).

A.

The court first reviews the history of Petitioner's case in state court to determine whether he was diligent in his attempt to develop the factual record.

Petitioner, through appointed counsel, filed an appeal of right in the Michigan Court of Appeals. Neither the ineffective assistance of trial counsel nor the ineffective assistance of appellate counsel claims were raised in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Shaw*, No. 222908 (Mich. Ct. App. June 15, 2001).

Petitioner filed a *pro per* application for leave to appeal in the Michigan Supreme Court. He raised the same ineffective assistance of trial and appellate counsel claims raised in the pending petition. The Michigan Supreme Court denied leave to appeal. *People v. Shaw*, 465

Mich. 953 (2002).

In 2003, Petitioner filed a motion for relief from judgment in the trial court, raising his ineffective assistance of trial and appellate counsel claims. The trial court denied Petitioner's motion for relief from judgment. *People v. Shaw*, No. 98-42848-FC (Muskegon County Circuit Court May 19, 2003). Petitioner filed a motion for reconsideration, which was denied. *Id.* (June 18, 2003).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims raised in his motion for relief from judgment. Petitioner sought an evidentiary hearing to develop a factual record for his claim. The Michigan Court of Appeals denied leave to appeal, without specifically addressing Petitioner's request for an evidentiary hearing. *People v. Shaw*, No. 256155 (Mich. Ct. App. Dec. 16, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. Petitioner again sought an evidentiary hearing. The Michigan Supreme Court denied leave to appeal, without separately ruling on the request for an evidentiary hearing. *People v. Shaw*, 474 Mich. 895 (Mich. Oct. 31, 2005). Petitioner then filed the pending petition for a writ of habeas corpus.

In sum, Petitioner took the following steps to develop the state court factual record regarding his claims: He raised them on direct appeal in the Michigan Supreme Court. He filed a motion for relief from judgment in the trial court raising these claims. After the trial court denied his motion for relief from judgment, he filed an application for leave to appeal in the Michigan Court of Appeals in which he also requested an evidentiary hearing. Following the Michigan Court of Appeals' denial of his application for leave to appeal without addressing his

3

request for an evidentiary hearing, Petitioner sought leave to appeal in the Michigan Supreme Court, again requesting an evidentiary hearing. The Michigan Supreme Court denied leave to appeal and did not address his request for an evidentiary hearing.

Petitioner provided the state courts "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "[C]omity is not served by" foreclosing an evidentiary hearing in federal court where a petitioner "was unable to develop his claim in state court despite diligent effort." *Williams*, 529 U.S. at 437. The Court concludes that Petitioner diligently sought to develop the factual record for these claims in state court.

B.

Second, an evidentiary hearing may be held only if the alleged constitutional violation, if established, is sufficient to warrant the issuance of the writ. *Sawyer*, 299 F.3d at 610.

Petitioner raises substantial, potentially meritorious ineffective assistance of counsel claims. The Court cannot decide before hearing testimony adduced at the evidentiary hearing whether trial counsel's conduct was the result of reasonable trial strategy or whether appellate counsel's failure to raise certain issues on appeal was the result of reasoned consideration or was outside the realm of reasonably competent assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner's claims, if established, are sufficient to warrant habeas corpus relief, the Court finds the interests of justice warrant an evidentiary hearing on the issues of ineffective assistance of trial and appellate counsel.

II.

The Court has concluded that Petitioner was diligent in his attempt to develop the factual record in state court and that his factual allegations, if correct, may establish a constitutional

4

violation.  Thus, Petitioner has satisfied the prerequisites for an evidentiary hearing.  "The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition."  *Hoggard v. Purkett*, 29 F.3d 469, 471 (6th Cir. 1994); *see also* Rule 8, Rules Governing § 2254 Cases.

Accordingly, IT IS ORDERED that an evidentiary hearing shall be conducted in this matter on **Monday, May 24, 2010 at 10:00 a.m.**  The evidentiary hearing shall be limited to Petitioner's ineffective assistance of trial and appellate counsel claims.

IT IS FURTHER ORDERED that the Federal Defender Office, 5th Floor, 613 Abbott, Detroit, Michigan, 48226, telephone number (313) 967-5542, is APPOINTED to represented Petitioner in this case.  Such representation shall continue unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel.

IT IS FURTHER ORDERED that Petitioner's Motion for Bond will be decided at or after the evidentiary hearing.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  April 13, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 13, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary