UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY SHAW,

        Petitioner,        Case Number: 02-CV-70870

v.        HONORABLE ARTHUR J. TARNOW

SHERRI BURT,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR BOND

Petitioner Jeffery Shaw has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court held an evidentiary hearing on September 16, 2010 and is awaiting the filing of supplemental briefs. Now before the Court is Petitioner's "Motion for Bond."

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S. Ct. 3, 5 (1964); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." Dotson, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. Id. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's

motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court denies the motion.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Bond" [dkt. #49] is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary