**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFERY SHAW,

                    Petitioner,                    Case Number: 2:02-70870

v.                                        HONORABLE ARTHUR J. TARNOW

PAUL RENICO,

                    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION**
**AND MOTION FOR EVIDENTIARY HEARING**

       Petitioner Jeffery Shaw filed a petition for a writ of habeas corpus under 28 U.S.C. §

2254, challenging his convictions for three counts of assault with intent to do great bodily harm

less than murder and three counts of felony firearm.  The Court held an evidentiary hearing

regarding Petitioner's ineffective assistance of trial and appellate counsel claims.  The Court then

denied the petition.  Now before the Court are Petitioner's Motions for Reconsideration and

Motion for Evidentiary Hearing.[1]

       Motions for reconsideration may be granted when the moving party shows (1) a

"palpable defect," (2) by which the court and the parties were misled, and (3) the correction of

which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  A "palpable

defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  *Olson v. The*

*Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).  While Petitioner disagrees with the

Court's decision denying his petition, he fails to show that the decision was based upon a

_____

[1]  The first Motion for Reconsideration was filed in the form of a letter to the Court, but
was docketed as a Motion for Reconsideration.  Therefore, the Court refers to it as such.

palpable defect.  In his motion, Petitioner also cites Fed. R. Civ. P. 59(e).  The disposition of motions under Rule 59(e) are "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141).  "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, (quoting *Keweenaw Bay*, 904 F. Supp. at 1141).  None of the arguments set forth by Petitioner in support of his motion satisfy the standards under which Rule 59(e) motions may be granted.  Therefore, the Motions for Reconsideration will be denied.

Finally, Petitioner has filed a Motion for Evidentiary Hearing.  He seeks a second evidentiary hearing to present: linguistic evidence interpreting the 911 call made by Sue Berghuis, "screen shots" of the 911 call, and a meteorologist's interpretation of the National Weather Service report of the weather on the day of the shootings.  Petitioner seeks to develop this evidence as part of his repeated attempts to establish that Berghuis testified falsely and that the 911 tape at trial was manufactured by police.  Petitioner was given a fair opportunity to present evidence at the evidentiary hearing already conducted.  Nothing contained or alleged in

the motion convinces the Court that this matter should be reopened.  The Court denies the

motion.

Accordingly, **IT IS ORDERED** that Petitioner's Motions for Reconsideration [dkt. # 68

& dkt. #69] and Motion for Evidentiary Hearing [dkt. # 79] are **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 7, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record
on March 7, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

3